**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4172
_____

ANGELO LENELL DAVIS,
Appellant

v.

MICHAEL HARLOW, Acting Deputy Secretary of Corrections; DORINA VARNER,
Chief Grievance Officer; SUPERINTENDENT GREENE SCI; MS. TRACY
SHAWLEY; MS. TINA STALEY, K-Block Unit Counselor; SGT. YOUNG, Unit
Sergeant; SGT. MATTHEWS, Unit Sergeant; MR. ODDO MITCHELL, Captain / Shift
Commander; MS. CARLA SWARTZ; MS. LORINDA WINFIELD; MR. TIM
MACKNAIR, K-Block Unit Manager; MS. SUE COWAN, J and C-Block Unit Manager;
MS. DONNA NICKOLAS, J and C-Block Unit Counselor; SGT. MICHNIAK, Unit
Sergent, LT. ALBERT MOTARIANTELLA, Transfer Lueteny 2008; MS. KARAN
GRISHKIN, Inmate Employment; MR. JEFFEREY ROGERS; MR. MICHAEL
GUYTON, B-Block Unit Manager; MR. SCOTT BURRIS, B-Block Unit Counselor;
MS. DAVIDSON, Unit Counsel E-Block 2008; MR. WALKER, Unit Manager E-Block
2008; FREDDY NUNEZ, Hearing Examiner; C.O. G. BAKER, Correctional Officer;
LIEUTENANT BUPKA; JOANNE TOMA, General Population Director 2008; SGT.
RIGNEY, Property Sergent; JEMIE GASTER, Unit Counselor E-Block 2008

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2-11-cv-01506)
Magistrate Judge:  Honorable Lisa Pupo Lenihan

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 19, 2015

Before:  JORDAN, BARRY and VAN ANTWERPEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  December 2, 2015)

———————

OPINION[*]

———————

PER CURIAM

Pro se appellant Angelo Davis appeals the adverse judgment entered in this civil-rights case. For the reasons detailed below, we will affirm.

In November 2011, Davis filed a complaint under 42 U.S.C. § 1983, naming as defendants officials and employees of SCI-Greene, where he was then confined. Davis twice amended the complaint, and ultimately alleged, in a sprawling complaint raising dozens of claims, that the defendants had retaliated against him in a variety of ways, had violated his due process rights, had violated his privilege against self-incrimination, had engaged in a conspiracy against him, and had violated his Eighth Amendment right to be free from cruel and unusual punishment. The defendants filed a motion to dismiss. The Magistrate Judge, who presided over this case with the parties' consent, see 28 U.S.C. § 636(c),[1] granted the motion in part, dismissing all claims except for those alleging retaliation. The parties then conducted discovery, and the remaining defendants filed a

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] While Davis amended his complaint to add additional defendants after the initial defendants had consented to have the Magistrate Judge preside, we conclude that the additional defendants, who shared an attorney with the original defendants, actively participated in the case, and have stressed their consent on appeal, impliedly consented to the Magistrate Judge's conducting these proceedings. See Roell v. Withrow, 538 U.S. 580, 590-91 (2003).

2

motion for summary judgment. The Magistrate Judge granted that motion, and Davis filed a timely notice of appeal.[2]

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the Magistrate Judge's orders concerning discovery for abuse of discretion, see Anderson v. Wachovia Mortg. Corp., 621 F.3d 261, 281 (3d Cir. 2010), and exercise a plenary standard of review over the summary judgment order, see State Auto Prop. & Cas. Ins. Co. v. Pro Design, P.C., 566 F.3d 86, 89 (3d Cir. 2009), and the dismissal order, see Connelly v. Steel Valley Sch. Dist., 706 F.3d 209, 212 (3d Cir. 2013).

In his appellate brief, Davis argues at length that his discovery rights were violated.[3] The record reveals that the Magistrate Judge, sua sponte, ordered the defendants to provide Davis with documents relevant to his claims, see D.C. dkt. #81, and later granted in part Davis's request to obtain additional documents, see D.C. dkt.

---

[2] While Davis filed his notice of appeal more than 30 days after the Magistrate Judge's judgment, see Fed. R. App. P. 4(a)(1)(A), he filed a motion to proceed in forma pauperis within the 30-day period. Our Local Rules provide that, in pro se cases, a document may qualify as a notice of appeal if, "despite informality in its form or title, . . . it evidences an intention to appeal." 3d Cir. L.A.R. 3.4. The Local Rules further provide that "[t]he court will deem an application for leave to appeal in forma pauperis . . . to be a notice of appeal if no formal notice has been filed." Id. We are satisfied that Davis's in forma pauperis application here evinced his intention to appeal, and we will treat that filing as a timely notice of appeal. See, e.g., Fleming v. Evans, 481 F.3d 1249, 1253-54 (10th Cir. 2007); see generally Witasick v. Minn. Mut. Life Ins. Co., -- F.3d ---, 2015 WL 5730009, at *5 (3d Cir. Oct. 1, 2015).

[3] While Davis presented numerous other claims in the District Court, he has not discussed them in his brief on appeal, and has therefore waived review of the District Court's disposition of those claims. See United States v. Pelullo, 399 F.3d 197, 222 (3d Cir. 2005); see also Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008) (per curiam).

#88. Davis then filed another motion to compel, seeking a variety of documents that the defendants claimed were privileged or confidential. The Magistrate Judge denied that motion and closed discovery. Subsequently, Davis filed a motion seeking further production from the defendants. The Magistrate Judge denied that motion. The Magistrate Judge observed that it appeared that Davis was raising arguments that it had already rejected, and stated, "In an attempt to clarify what Plaintiff is requesting the Court orders counsel for Defendant to set up a telephone conference with Plaintiff and the Court. Counsel is Ordered to contact the courtroom deputy to determine a time for the conference." D.C. Nov. 14, 2013 order. It appears that that conference was never held.

On appeal, Davis argues that judgment should be granted in his favor due to this apparent oversight. We are not persuaded. Initially, Davis did not raise this claim before the Magistrate Judge, and we ordinarily will not address arguments that are raised for the first time on appeal. See, e.g., C.H. v. Cape Henlopen Sch. Dist., 606 F.3d 59, 73 (3d Cir. 2010). In any event, "district courts have broad discretion to manage discovery," Sempier v. Johnson & Higgins, 45 F.3d 724, 734 (3d Cir. 1995), and we will not disturb a discovery ruling "absent a showing of actual and substantial prejudice," Anderson v. Wachovia Mortg. Corp., 621 F.3d 261, 281 (3d Cir. 2010). In context, it is plain that the Magistrate Judge intended to hold the conference as a courtesy to Davis to explain its rationale for denying his motion to compel, and that the conference would not have been a vehicle to grant Davis further relief. Accordingly, Davis was not prejudiced by the failure to hold the conference.

4

Davis also complains that the Magistrate Judge should have compelled the defendants to produce his sentencing order and the guidelines applied by the Pennsylvania Board of Probation and Parole ("the Board"). Again, however, Davis did not seek these documents during the proceedings before the Magistrate Judge, and he can thus establish no error in the Magistrate Judge's discovery rulings. See Jackson v. Danberg, 594 F.3d 210, 223 n.16 (3d Cir. 2010). Moreover, we note that, to the extent that Davis seeks a declaration that the sentence imposed in state court is invalid, he must assert this claim in a habeas corpus petition. See, e.g., Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).

Davis further contends that the Magistrate Judge erred in denying his claim that his due-process rights were violated by his transfer from the prison's J Unit to general population. Even assuming that the claim is not barred by the applicable two-year statute of limitations, see generally Pearson v. Sec'y Dep't of Corr., 775 F.3d 598, 602 (3d Cir. 2015), we agree with the Magistrate Judge that Davis's due-process rights were not implicated by this routine transfer, see Meachum v. Fano, 427 U.S. 215, 225-28 (1976); Fantone v. Latini, 780 F.3d 184, 186 (3d Cir. 2015) ("an inmate does not have a right to be confined in any particular housing unit in a prison, absent certain atypical and significant hardship").

Davis also challenges the Magistrate Judge's grant of summary judgment to the defendants on several of his retaliation claims. To establish a claim of retaliation under the First Amendment, Davis must show that (1) the conduct in which he was engaged

was constitutionally protected; (2) he suffered adverse action at the hands of prison officials; and (3) his constitutionally protected conduct was a substantial or motivating factor in the decision to take the adverse action. Rauser v. Horn, 241 F.3d 330, 333-34 (3d Cir. 2001). Even if Davis can satisfy these three factors, "prison officials may still prevail by proving that they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest." Id. at 334.

First, Davis avers that defendant Susan Cowan provided an adverse recommendation to the Board in retaliation for his filing grievances.[4] However, Davis has presented no evidence that his grievances were a "substantial or motivating factor" in Rowan's decision to recommend that he be denied parole. Rauser, 241 F.3d at 333-34. He filed his grievances more than seven months before Rowan made her recommendation, which does not amount to a "suggestive temporal proximity" from which we can infer causation. Id. at 334; see Andreoli v. Gates, 482 F.3d 641, 650 (3d Cir. 2007) (concluding that five-month gap was "insufficient to raise an inference of causation"). Nor has Davis submitted other evidence to connect Rowan's recommendation to his grievances. Instead, as Rowan explained, during her unit's meeting with Davis, he refused to accept responsibility for his crimes and insisted on re-litigating his criminal trial; based on this attitude, Rowan reported that he was not a good candidate for parole. Davis has provided no basis to disbelieve Rowan's claim,

---

[4] We have recognized that "[t]he filing of a prison grievance is an activity protected by the First Amendment." Fantone, 780 F.3d at 192.

particularly insofar as he continues to assert his innocence.[5]  Moreover, the Board denied parole for numerous reasons, including the negative recommendation of his trial judge, Davis's failure to comply with institutional programs, and the risk-and-needs assessment indicating his level of risk to the community, and there is thus no genuine issue of material fact that Rowan would have given a negative recommendation and the Board would have reached the same decision even if Davis had not filed his grievances.  See Carter v. McGrady, 292 F.3d 152, 159 (3d Cir. 2002).

Next, Davis complains that he was denied parole as the result of an unfavorable parole recommendation by defendants Michael Guyton and Scott Burris in October 2011. The Magistrate Judge denied relief on this claim because the undisputed evidence reveals that Guyton and Burris supported Davis's parole application, but that their recommendation was not accepted.  Davis contends on appeal that the Magistrate Judge misunderstood the evidence and that Guyton and Burris actually provided an adverse recommendation, see Br. at 18, but we disagree.  While Guyton once tried to explain to Davis why he believed that Davis's application had been denied, the record reveals that he was attempting to channel the decision-makers, not expressing his own views.  See

---

[5] Along similar lines, Davis claims that Rowan and Donna Nickolas, a prison counselor, filed false reports against him.  However, the only report described in the record is the one discussed above, in which Rowan informed the Board that Davis did not accept responsibility for his crime.  Davis has provided no evidence whatsoever suggesting that this report was "false."  See, e.g., Blair v. Scott Specialty Gases, 283 F.3d 595, 608 (3d Cir. 2002) ("conclusory, self-serving affidavits are insufficient to withstand a motion for summary judgment").

D.C. dkt. #107 Ex. 10 at 13.  Thus, we agree with the Magistrate Judge that these defendants took no adverse action against Davis.  See generally Allah v. Seiverling, 229 F.3d 220, 225 (3d Cir. 2000).

Davis also argues that he was denied an "incentive-based transfer" closer to his home region in retaliation for his filing grievances.  Again, however, Davis presents no evidence linking the adverse decision to his protected conduct.  The first adverse actions — that is, when Davis was flatly refused transfer — occurred in August 2010, and Davis had filed his most-recent grievances in April 2010.  Again, this timeline, standing alone, provides no basis for us to infer causation.  See Rauser, 241 F.3d at 334; Andreoli, 482 F.3d at 650.  Nor has Davis presented any other evidence suggesting that the defendants denied his transfer for retaliatory reasons.  Instead, the evidence in the record reveals that only a few eligible inmates actually received incentive-based transfers each month, and that Davis ultimately did obtain an incentive-based transfer in October 2013.[6]

Accordingly, we will affirm the Magistrate Judge's judgment.  Davis's motion to expand the record is denied.  See, e.g., Burton v. Teleflex Inc., 707 F.3d 417, 435 (3d Cir. 2013) (a party may supplement the record on appeal in only "extraordinary circumstances").

---

[6] In his brief on appeal, Davis argues that the October 2013 incentive-based transfer was retaliatory.  While we are hard pressed to understand how granting the transfer that Davis had long requested constitutes adverse action, we decline to rule on this claim because Davis has raised it for the first time on appeal.  See, e.g., C.H., 606 F.3d at 73.